UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 20 C 2447 |
| TERRY L. GACA, JANET L. WAYMAN, individually and as trustee of THE JANET L. WAYMAN TRUST, and THOMAS J. FREDERICK | ) ) ) ) ) | Judge Charles P. Kocoras |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendants Terry L. Gaca and Janet L. Wayman (collectively, the "Gaca Defendants") Motion to Dismiss Plaintiff Cambridge Mutual Fire Insurance Company's ("Cambridge") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will deny the motion.

## BACKGROUND

This matter arises from a civil lawsuit brought by Thomas J. Frederick in Illinois state court against the Gaca Defendants (the "Underlying Suit"). In the Underlying Suit, Frederick alleges that the Gaca Defendants have maintained a boarding house with six tenants and a parking facility for large trucks on their property. The Underlying Suit alleges claims of public nuisance, conspiracy to create a public nuisance, and

violations of Naperville city zoning ordinances. Frederick seeks monetary damages and injunctive relief.

Defendant Cambridge issued an insurance policy to the Gaca Defendants (the "Policy"), which includes Homeowner's Liability Insurance and Personal Umbrella Liability Insurance. The Policy provides coverage for "'[b]odily injury' or 'property damage' which an 'insured' becomes legally liable due to an 'occurrence'" and "'[p]ersonal injury' for which an 'insured' becomes legally liable due to one or more offenses listed under the definition of 'personal injury.'" Dkt. 1-1, pg. 8.

"'Bodily injury' means bodily harm, sickness or disease, including required care, loss of services and death that results." *Id.* at 6. "'Personal injury' means injury arising out of . . . [t]he wrongful eviction from, wrongful entry into, or invasion of right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor . . ." *Id.* at 7. "'Property damage' means physical injury to, destruction of, or loss of use of tangible property." *Id.* Finally, "'[o]ccurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results . . . in: 'bodily injury' or 'property damage.'" *Id.*

Cambridge brings this suit seeking a declaratory judgment that it does not have a duty to defend the Gaca Defendants in the Underlying Suit. Cambridge alleges that the Underlying Suit does not involve "property damage," "bodily injury," or "personal injury" under the Policy. Additionally, Cambridge alleges that claims in the Underlying

Suit do not involve an "occurrence" as defined by the Policy and that the Policy does not extend coverage for injunctive relief. The Gaca Defendants now move to dismiss the Complaint under Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. With this framework in mind, we address the Gaca Defendants' arguments in turn.

The Gaca Defendants first argue that the Complaint is based on legal conclusions and does not state sufficient facts to make those conclusions plausible. We disagree.

Cambridge attaches to its Complaint the complaint in the Underlying Suit and the Policy. On a motion to dismiss under Rule 12(b)(6), we may consider exhibits attached to the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (2013). Considering these documents with the Complaint, we believe Cambridge sufficiently alleges that it does not have a duty to defend. Cambridge asserts that the Policy does not cover the allegations in the underlying complaint because the public nuisance and ordinance violation claims are not "bodily injury," "personal injury," or "property damage," and there was no "occurrence" as defined under the Policy. In other words, Cambridge alleges that the alleged nuisance and ordinance violations did not result in any bodily harm or disease, injury or loss of use of property, or wrongful eviction from or entry into a property by its owner.

While the Gaca Defendants seek greater specificity in Cambridge's pleading, we note "the difficulty of pleading with greater specificity where plaintiff is essentially required to prove a negative, without the benefit of discovery." *ScaleMP, Inc. v. TidalScale, Inc.*, 2019 WL 7877939, at *5 n.3 (N.D. Cal. 2019) (quoting *Regents of Univ. of California v. St. Jude Med.*, Inc., 2017 WL 2335542, at *2 n.1 (N.D. Cal. 2017)). Under the same line of reasoning, "it is logically impossible to describe in detail that which does not exist." *Driessen v. Sony Music Entm't*, 2013 WL 4501063, at *2 (D. Utah 2013). The Complaint explains the nature of the Policy issued by Cambridge,

4

the allegations in the underlying complaint, and why the allegations do not fall under the Policy. In doing so, it is clear why Cambridge did not include more factual allegations than it did. The Complaint asserts that the allegations in the underlying complaint simply do not fall under the Policy coverage that was issued.

The Gaca Defendants next argue that Cambridge's claim must be dismissed because Cambridge has a duty to defend the Gaca Defendants in the Underlying Suit. However, the Gaca Defendant's argument seeks to adjudicate the merits of Cambridge's claims. On a motion to dismiss, "the question before the Court is the sufficiency of the allegations when drawing inferences in favor of the non-moving party and not whether the non-moving party will in fact succeed in her cause of action." *Cincinnati Ins. Co. v. Berkshire Refrigerated Warehousing, LLC*, 149 F. Supp. 3d 867, 871–72 (N.D. Ill. 2015). "[W]here a party seeks to dismiss under Rule 12(b)(6) an insurer's complaint seeking a declaration that it has no duty to defend, the Court reads the complaint in favor of the non-moving party—the insurer—and then decides if on its face, it plausibly states a claim for relief." *Id.* at 872. "It is therefore premature to consider at this stage to analyze whether to grant [Cambridge] declaratory judgment or to determine if [Cambridge] has a duty to defend [the Gaca Defendants] in the underlying action because those are questions of merit." *Id.*

Thus, we decline to adjudicate whether Cambridge definitively does or does not owe a duty to defend on this motion and reserve our ruling for a later stage. *See id.*; *see also Westfield Ins. Co. v. Nat'l Decorating Serv., Inc.*, 67 F. Supp. 3d 898, 900–01 (N.D.

5

Ill. 2014) ("It is premature for Moving Defendants to present arguments as to whether Westfield [Insurance Company] in fact has a duty to defend Moving Defendants or to seek declaratory relief in their favor."). At this stage, Cambridge has sufficiently alleged that it does not owe a duty to defend.

Finally, the Gaca Defendants argue that Cambridge should be estopped from raising policy defenses to coverage because it waited too long to seek a declaratory judgment. This estoppel defense, however, is an affirmative defense that is improper on a Rule 12(b)(6) motion to dismiss. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses."); *See id.* n.1 (cautioning that the proper avenue for dismissal based on an affirmative defense is Rule 12(c), not Rule 12(b)(6)). Accordingly, the Court declines to dismiss Cambridge's claims based on estoppel at this time.

## CONCLUSION

For the reasons mentioned above, the Court denies the Gaca Defendant's motion to dismiss. Status remains set for today at 10:50. It is so ordered.

Dated: 05/11/2021

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge